**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1545-17T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

LARRY FLEMING,

     Defendant-Appellant.

_____

        Submitted February 26, 2019 – Decided March 25, 2019

        Before Judges Fisher and Hoffman.

        On appeal from Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 03-02-0286.

        Larry Fleming, appellant pro se.

        Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Tasha M. Kersey, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Larry Fleming appeals from the trial court's denial of his motion for a new trial. Defendant asserts the transcript of his pre-trial hearing constitutes newly discovered evidence warranting a new trial. We affirm.

I.

We summarize the facts as set forth in our previous opinion from defendant's appeal from the denial of his second petition for post-conviction relief (PCR):

> On May 11, 2002, defendant, a drug dealer, was in Trenton with Curtis Hawkins near a house that had been abandoned by its owner but occupied by other persons. Defendant and Hawkins observed P.J., a drug dealer, "running in and out of" the house. Defendant and Hawkins entered the house and went upstairs where they found Carmen Jones and Edwin Warren. Defendant told Warren that he was a "cross-artist" and Warren had "crossed" him, because he was purchasing drugs from another dealer. Defendant warned that if another $50 was "spent out of here," meaning on drugs from another dealer, Warren would "suffer the consequences." Defendant and Hawkins then exited the house.
>
> Soon thereafter, Hawkins saw defendant with a gasoline can in his hand. Defendant told Hawkins that a "[l]ady across the street wants some gas." Defendant gave Hawkins the can and two or three dollars to purchase gasoline. After Hawkins purchased the gasoline, he gave the can back to defendant. Hawkins then observed defendant turn and enter an alleyway near the rear of the house.

A-1545-17T2

Later that night, Jones saw defendant on the first floor of the house. Jones saw a "light" in defendant's right hand and a red can with a yellow nozzle in defendant's left hand. Thinking defendant was going to put gas in his car, Jones and Joseph McKinney went to their separate rooms on the second floor.

Shortly thereafter, Jones attempted to go downstairs but was "hit in the face" with smoke and heat. Jones told Warren that the house was on fire. Jones, Warren, and McKinney escaped through a window on the second floor. Another occupant of the house, Ellis McNeill, was trapped in the fire and died.

Hawkins was outside when the police and firefighters arrived on the scene. Hawkins told Detective Timothy Thomas that defendant "did this shit." An investigation revealed that the fire was caused by gasoline being poured on the first floor and then being ignited.

[State v. Fleming, No. A-1432-14 (App. Div. June 24, 2016) (slip op. at 1-3).]

In February 2003, a grand jury indicted defendant on charges of first-degree murder, first-degree felony murder, and second-degree aggravated arson. Defendant rejected a twenty-five year aggravated manslaughter plea offer.

At a pretrial hearing, defendant received a copy of the pretrial memorandum and circled "yes" in response to the questions, "Do you understand that if you reject this plea offer, the Court could impose a more severe sentence than recommended by the plea offer, up to the maximum sentence permitted if

you are convicted after trial? [and] Do you understand that if you reject this plea offer today, no negotiated plea can be accepted by this Court unless specifically authorized by the Criminal Presiding Judge . . . ?" Defendant did not sign the pre-trial memo.  Nonetheless, defendant concedes awareness of the plea offer.

Further, in colloquy with the court, defendant affirmed to the judge "I read it myself.  I understand what's going on . . . .  I don't want that.  I have no interest in that.  I'm ready to go to trial.  Whenever you set a date, I'm ready."

The court conducted a trial in February 2004, and a jury convicted defendant on all counts.  The felony murder conviction merged with the murder conviction, and defendant received a life sentence.  On the remaining charge, defendant received a consecutive ten year sentence.

On direct appeal, we affirmed defendant's April 2, 2004 judgment of conviction.  State v. Fleming, No. A-1217-04 (App. Div. Mar. 14, 2007).  On October 10, 2007, defendant filed his first PCR petition, claiming his trial counsel was ineffective.  A PCR judge denied defendant's petition in a written opinion on May 12, 2011.  We affirmed the denial of defendant's first PCR petition.  State v. Fleming, No. A-4691-11 (App. Div. Oct. 10, 2013).

On August 13, 2014, defendant filed a second PCR petition, alleging his PCR counsel was ineffective for not arguing that trial counsel was ineffective

for not communicating the State's plea offer to him, after he was ejected from the courtroom for being argumentative with the trial court during an October 6, 2003 status conference.[1] The second PCR judge found defendant's claims were "procedurally barred" because defendant claimed he learned of the plea offer in October 2008 and failed to raise the claim within one year. We affirmed the denial of defendant's second PCR petition. State v. Fleming, slip op at 12.

In July 2017, defendant filed a pro se motion for new trial, arguing the transcripts from his pre-trial hearing constituted newly discovered evidence. In September 2017, Judge Anthony M. Massi denied defendant's motion. Defendant filed a motion for reconsideration and clarification, which Judge Massi also denied.

This appeal followed. Defendant presents the following argument:

> THE DENIAL OF DEFENDANT'S MOTION FOR A NEW TRIAL ON GROUNDS OF NEWLY DISCOVERED EVIDENCE WAS A FUNDAMENTAL INJUSTICE, THEREBY REQUIRING A REMAND FOR AN EVIDENTIARY HEARING OR REVERSAL.

---

[1] The October 6, 2003 pretrial memorandum stated that the plea offer was for defendant to plead guilty to aggravated manslaughter with a recommended twenty-five year sentence with eighty-five percent minimum parole ineligibility.

## II.

"[A] motion for a new trial is addressed to the sound discretion of the trial judge, and the exercise of that discretion will not be interfered with on appeal unless a clear abuse has been shown." State v. Russo, 333 N.J. Super. 119, 137 (App. Div. 2000). Under the abuse of discretion standard, we will not substitute our own judgment unless the trial court's decision was so wide of the mark it created a manifest denial of justice. State v. Kuropchak, 221 N.J. 368, 385-86 (2015). Likewise, we will not set aside a conviction unless it "clearly and convincingly appears that there was a manifest denial of justice under the law." R. 3:20-1.

We disfavor motions for a new trial based on newly discovered evidence and grant them with caution. State v. Conway, 193 N.J. Super. 133, 171 (App. Div. 1984). Newly discovered evidence warrants a new trial when the evidence is (1) material; (2) discovered after the trial; and (3) "would probably change the jury's verdict if a new trial was granted." State v. Ways, 180 N.J. 171, 187 (2004) (quoting State v. Carter, 85 N.J. 300, 314 (1981)).

Here, Judge Massi correctly denied defendant's motion for a new trial. Defendant failed to establish the alleged new evidence was material. Evidence of a plea offer is not material to the jury's finding of guilt. Evidence of plea

discussions is generally inadmissible and could not even be presented to the jury. N.J.R.E. 410. Additionally, defendant concedes he knew of the plea offer. Nonetheless, he stated on the record he wanted to go to trial.

Defendant could have obtained the transcripts before the trial. Defendant does not argue otherwise. In addition, the transcripts only contain statements made during hearings that defendant himself attended. Therefore, the transcripts do not constitute "new" evidence, even if defendant did not have them in his possession.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1545-17T2